# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1267V
Filed: May 29, 2019
UNPUBLISHED

| | |
|---|---|
| LAURIE BLOYER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

　　On September 15, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her November 1, 2016 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

On May 28, 2019, respondent filed an Amended Rule 4(c) Report in which he concedes that petitioner is entitled to compensation in this case.[3]  Respondent's Rule 4(c) Report at 1.  Specifically, respondent "has concluded that petitioner's alleged injury is consistent with SIRVA, as defined on the Vaccine Injury Table. Specifically, petitioner's pain occurred within 48 hours of receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her shoulder pain."  *Id.* at 2-3.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                                 **s/Nora Beth Dorsey**
                                                 Nora Beth Dorsey
                                                 Chief Special Master

---

[3] In a Rule 4 report filed May 25, 2018, respondent initially recommended against compensation, stressing certain references in petitioner's medical records that suggested a contemporaneous shoulder dislocation relevant to petitioner's claim. (ECF No. 20.) However, in the Amended Rule 4 Report, respondent explained that additional medical records filed subsequent to his initial Rule 4 Report sufficiently clarified that the reported shoulder dislocation was not contemporaneous, having occurred thirty years prior, and that petitioner's subsequent medical history was free of subsequent shoulder problems. (ECF No. 39, p. 2.)